IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RON WOODY,

    Movant,

v.                                                        No. 1:14-cv-01189-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL
AND
DIRECTING CLERK TO CLOSE CASE

On August 12, 2014, Movant, Ron Woody, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (§ 2255 Mo., ECF No. 1.) The inmate was released from federal custody in May of 2016. On December 14, 2016, he filed a motion to "withdraw all pending motions and close this case." (Mo. Dismiss, ECF No. 19 at 1-2.) The Court construes the motion as one for voluntary dismissal without prejudice. For the following reasons, the motion is GRANTED.

Federal Rule of Civil Procedure 41(a)(2) "provides for the voluntary dismissal of actions at a plaintiff's request." *United States v. One Tract of Real Property*, 95 F.3d 422, 425 (6th Cir. 1996). The rule "implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice." *Id.* (citing *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995)). If the court determines that dismissal with prejudice is proper, it must give the plaintiff notice of its intention to dismiss the action with prejudice and an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *Id.* at 425-26.

1

In deciding whether to order dismissal with or without prejudice, a court may consider the status of the litigation and the defendant's litigation efforts. *Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, 933 F. Supp. 2d 974, 991–92 (S.D. Ohio 2013) (citing *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.,* 583 F.3d 948, 953 (6th Cir. 2009)). Here, Respondent prepared and filed a response to the § 2255 motion, transcribed the change of plea hearing, and secured the affidavit of Movant's trial counsel. (*See* Response, ECF No. 12; Suppl. Resp., ECF No. 17.) Those efforts might warrant dismissal with prejudice. Respondent, however, has not responded to the motion for voluntary dismissal, although it has had ample opportunity to do so. The Government's silence suggests that it is not opposed to dismissal without prejudice.

Accordingly, Movant's unopposed motion for voluntary dismissal is GRANTED. The § 2255 motion is DISMISSED without prejudice.

The Clerk is DIRECTED to close this case and terminate all pending motions.

**APPEAL ISSUES**

A habeas corpus petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate must issue if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that reasonable jurists would not conclude that dismissal of the § 2255 motion for the reasons stated was debatable or wrong. The Court therefore DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 25th day of May 2017.

            **s/ J. DANIEL BREEN**
            UNITED STATES DISTRICT JUDGE